UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANZ MICAKOVIC,

    Defendant.
    _____/

Case No. 12-mc-50344

District Judge Julian Abele Cook, Jr.

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Before the Court is Defendant Franz Micakovic's Request for Hearing on Garnishment [Doc. #8], which has been referred pursuant to 28 U.S.C. § 636(b)(3). Mr. Micakovic objects to the garnishment of his wages. Because this is a post-judgment garnishment matter, I must proceed by Report and Recommendation. *See United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). I recommend that Mr. Micakovic's objections to garnishment be OVERRULED.

### I.   DISCUSSION

Mr. Micakovic pled guilty to aiding and abetting mail fraud, 18 U.S.C. §§ 2 and 1341. As part of his sentence, he was ordered to pay $278,558.25 in restitution. The government states that to date, $12,324.01 has been paid toward restitution. On August 8, 2012, the government received a writ of garnishment for Mr. Micakovic's wages from Caliber Metals, Inc. [Doc. #7].

In his Request for Hearing, Mr. Micakovic states that his payments have not been applied correctly. However, he has provided no evidence that identify any additional payments beyond those that he and his codefendant (who is also his wife) have been

credited for. Moreover, he has not set forth any statutory exemptions with regard to the garnishment at issue. Instead, at the hearing on September 27, 2012, Mr. Micakovic's principal argument was that the garnishment creates a financial hardship for him.

As I stated in *United States v. McGhee*, 2007 WL 4326807, *1 (E.D.Mich. 2007), "[W]hile the Court is not unsympathetic to [Defendant's] financial plight, poverty does not constitute a defense to a writ of garnishment. Further, Defendant has not set forth any basis, under either Michigan or federal law, from which this Court could conclude that the property in issue is exempt from garnishment." Likewise here, Defendant has not met his burden of showing that the funds in question are exempt from garnishment.

## II.    CONCLUSION

I therefore recommend that Mr. Micakovic's objections to garnishment be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen<br>R. STEVEN WHALEN<br>UNITED STATES MAGISTRATE JUDGE

Date: October 10, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on October 10, 2012.

| | |
|---|---|
| Frank Micakovic<br>13021 Forest View Dr<br>Shelby Township, MI 48315-3501 | s/Johnetta M. Curry-Williams<br>Case Manager |